**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,  Criminal No. 17-107(4) (DWF/TNL)

        Plaintiff,

v.  **ORDER ADOPTING REPORT AND RECOMMENDATION**

Pawinee Unpradit,

        Defendant.

This matter is before the Court upon Defendant Pawinee Unpradit's ("Defendant") objections (Doc. No. 813) to Magistrate Judge Tony N. Leung's May 14, 2018 Report and Recommendation (Doc. No. 800) insofar as it recommends that: (1) Defendant's Motion to Suppress All Identifications of Defendant Obtained through Unconstitutional Identification Procedures be denied; (2) Defendant's Motion to Suppress All Evidence Obtained from Unlawful Searches and Seizures be denied; and (3) Defendant's Motion to Suppress Statements Made by Defendant be denied. The Government filed a response in opposition to Defendant's objections on June 12, 2018. (Doc. No. 820.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

## I. Report and Recommendation

In the Report and Recommendation, Magistrate Judge Leung addressed three separate issues. First, the Magistrate Judge analyzed two examples of the identification procedure that Defendant contests. (Doc. No. 800 at 19-20.) In each example, law enforcement showed a picture of Defendant to the witness and asked the witness to identify the person in the picture. (*Id.* at 20.) The witnesses, who were already familiar with Defendant, both identified the person in the picture as Defendant by her alias "FON." (*Id.* at 20.) The Magistrate Judge recommended against suppressing the identifications because "when someone already familiar with a suspect is asked to comment on whether a recorded voice or image portrays the suspect," concerns of undue suggestiveness in the identification procedures are absent. (*Id.* (quoting *United States v. Dobbs*, 449 F.3d 904, 909 (8th Cir. 2006)).) Second, with respect to the May 24, 2017 search, Magistrate Judge Leung concluded that "[t]he Court need not determine whether [Defendant's] consent was valid, because her roommate, Yun, provided valid consent to search [Defendant's] apartment and its belongings." (*Id.* at 15.) In support of this conclusion, the Magistrate Judge found that "Yun was listed on the lease," Yun understood the consent-to-search form that she signed, and there was "no indication that law enforcement used any untoward tactics to gain Yun's consent." (*Id.* at 16.) The Magistrate Judge also found that Defendant consented to the search of the apartment. Third, Magistrate Judge Leung recommended against suppressing evidence collected from, and Defendant's statements made, during two border inspections at Dallas/Fort Worth International Airport ("DFW") in April 2017. (*Id.* at 15.) The Magistrate Judge

2

found that neither encounter involved questioning concerning the sex-trafficking investigation and was limited to routine border questioning. (*Id.* at 13-15.) The Magistrate Judge further concluded that the searches of Defendant and her personal effects fell within the scope of permissible warrantless searches of individuals crossing the United States' borders. (*Id.* at 12 (citing *United States v. Udofot*, 711 F.2d 831, 839 (8th Cir. 1983)).)

## II.     Defendant's Objections

Defendant objects to the Report and Recommendation on three main grounds: (1) there is no evidence that the two witnesses who identified Defendant were already familiar with her; (2) Defendant's roommate could not consent to a search of Defendant's room in the apartment; and (3) the border inspections were not routine, but instead secret investigations of the ongoing criminal case.

### A.     Identification Evidence

Regarding the identification evidence, Defendant specifically argues that "neither prospective witness said that she previously had even *met* the Defendant in person," had a personal relationship with Defendant, or said anything to support the notion that the witness was already familiar with the Defendant. (Doc. No. 813 at 8-9.) Defendant therefore contends that the Court should suppress the identification evidence because it was elicited through impermissibly suggestive means. (*Id.*)

The Court concludes, as did the Magistrate Judge, that the Government set forth sufficient evidence that the witnesses who identified Defendant were already familiar with her. Both witnesses had been part of the sex-trafficking organization for years

3

before identifying Defendant in February 2017. The identifications therefore did not present concerns about undue suggestiveness, false recollection, or irreparable misidentification. *See United States v. Dobbs*, 449 F.3d 904, 909 (8th Cir. 2006) (dismissing concerns of undue suggestiveness where a witness is already familiar with a suspect); *see also United States v. Williams*, 340 F.3d 563, 567 (8th Cir. 2003) (observing that suggestive identification procedures can lead to irreparable misidentification).

B.    **Apartment Search**

With respect to the apartment search, Defendant specifically argues that she did not provide consent and that her roommate could not legally provide consent to search Defendant's room. Defendant relies on *United States v. Heisman*, 503 F.2d 1284, 1288 (8th Cir. 1974), for the proposition that Defendant's roommate did not have the requisite "joint access or control for most purposes" over the property. Defendant further argues that the Government failed to provide sufficient evidence to show that Defendant voluntarily consented to the search. Defendant therefore contends that the Court should suppress the evidence collected from the search of Defendant's apartment.

The Court disagrees. Since *Heisman*, numerous courts have held that consent from a person with authority over a place is sufficient to conduct a warrantless search. *See United States v. Matlock*, 415 U.S. 164, 171 (1974); *United States v. Kelley*, 594 F.3d 1010, 1013 (8th Cir. 2010); *United States v. Williams*, 346 F.3d 796, 798-99 (8th Cir. 2003). The voluntary consent given by Defendant's roommate was sufficient to allow law enforcement to search the apartment. Moreover, the Court concludes, as did the Magistrate Judge, that law enforcement did not need the roommate's consent because

4

they obtained Defendant's voluntary consent. Even if Defendant's roommate could not provide the requisite consent, therefore, the consent exception applies to the warrantless search of Defendant's apartment. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973).

   C.   **Border Inspections**

Finally, regarding the border inspections, Defendant argues that the Government improperly and surreptitiously used the two border inspections to investigate her as a suspect in the sex-trafficking conspiracy. Defendant contends that the interrogations improperly involved questions "directly relevant to the criminal investigation into international sex trafficking and money laundering." (Doc. No. 813 at 4.) Defendant also argues that downloading and sending her cell phone's data to St. Paul, MN transformed the inspection into a non-routine search requiring reasonable suspicion. Defendant therefore argues that the Court should suppress the statements made and evidence collected during the border inspections that took place at DFW in April 2017.

Again, the Court disagrees. During both encounters, Defendant was subject to routine border-inspection questions related to her travels, customs declaration, contraband, and merchandise. Defendant's contention that the inspections were deceptive and used to "secretly investigat[e] a criminal case" is mere speculation without support in the record. Likewise, the downloading of data on Defendant's cell phones was consistent with a manual search that an inspector may perform on a person's cell phone or laptop at a border inspection. *See United States v. Smasal*, 2015 WL 4622246, at *6 (D. Minn. June 9, 2015) (collecting cases). The Court therefore concludes that both the

questioning and search fell within the border exception to the warrant requirement. *Udofot*, 711 F.2d at 839; *see Almeida-Sanchez v. United States*, 413 U.S. 266, 272-73 (1973) (observing that a search of an airline passenger arriving from another country is the functional equivalent of a border search).

Based upon the *de novo* review of the record, all the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1. Defendant Pawinee Unpradit's objections (Doc. No. [813]) to Magistrate Judge Tony N. Leung's May 14, 2018 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Tony N. Leung's May 14, 2018 Report and Recommendation (Doc. No. [800]) is **ADOPTED**.

2. Defendant Pawinee Unpradit's Motion to Suppress All Identifications of Defendant Obtained through Unconstitutional Identification Procedures (Doc. No. [619]) is **DENIED**.

3. Defendant Pawinee Unpradit's Motion to Suppress All Evidence Obtained from Unlawful Searches and Seizures (Doc. No. [620]) is **DENIED**.

4. Defendant Pawinee Unpradit's Motion to Suppress Statements Made by Defendant (Doc. No. [621]) is **DENIED.**

Date: July 11, 2018
                s/Donovan W. Frank
                DONOVAN W. FRANK
                United States District Judge