UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(4) (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Pawinee Unpradit, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Amend the Judgment. (Doc. No. 2181 ("Motion").)  For the reasons set forth below, the Court respectfully denies Defendant's Motion.

On December 12, 2019, Defendant was found guilty of conspiracies to commit sex trafficking, transportation to engage in prostitution, money laundering, and using a communication facility to promote prostitution. (Doc. No. 998.) On October 15, 2019, this Court sentenced her to 162 months' imprisonment to be followed by a five-year term of supervised release.[1] (Doc. No. 1417 ("Judgment") at 2-5.) The Court also imposed criminal monetary penalties including a special assessment in the amount of $400. (*Id.* at 6.) On March 31, 2020, the Court imposed restitution in the amount of $400,000. (Doc. No. 1793.) Defendant objected to the amount, but the Court still found that

---

[1] Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Aliceville in Aliceville, Alabama with an expected release date of November 24, 2028. Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited January 3, 2022).

$400,000 was appropriate and amended the Judgment accordingly.[2] (Doc. Nos. 1808, 1813 ("Am. Judgment") at 6.) On April 20, 2020, the Court amended the Judgment a second time, referencing various orders regarding forfeiture and restitution. (Doc No. 1819 ("Sec. Am. Judgment") at 7.)

On July 6, 2021, Defendant filed a *pro se* letter requesting that her $375 quarterly restitution payment be reduced to $25 per quarter.[3] (Doc. No. 2165 at 2-3.) The Government did not oppose her request. On July 16, 2021, the Court ordered that "[t]he Defendant shall continue to make payments of quarterly installments (every three months) of $25 if working non-UNICOR or a minimum of 50 percent monthly earnings if working UNICOR . . . ." (Doc. No. 2167 at 2 ("July 2021 Order").)

Defendant asserts that the "BOP has essentially ignored the Court's [July 2021 Order] in all respects," and seeks a third amended Judgment that limits her payment schedule to "no more than $25" per quarter. (*Id.* at 3.)

---

[2] All versions of the Judgment ordered that "the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR." (Judgment at 7; Am. Judgment at 7; Sec. Am. Judgment at 7.)

[3] The amount and timing of Defendant's payments are set by the Bureau of Prisons ("BOP") through the Inmate Financial Responsibility Program ("IFRP"). See 28 C.F.R. §§ 545.10, 545.11. The minimum payment is $25 per quarter but may be increased based upon an inmate's earnings and other resources, which equates to approximately 25% of a defendant's earnings. See 28 C.F.R. § 545.11. The consequences for failure to participate in the IFRP program include denial of preferred living quarters, furloughs, and work details outside the prison, including UNICOR job placement. See 28 C.F.R. § 545.11(d).

Essentially, Defendant asks the Court to amend the amount and timing of her IFRP payments. (*Id.*) Such a request is properly construed as a habeas challenge to the execution of her sentence and must be pursued under 28 28 U.S.C. § 2241 in the district of her incarceration.[4] *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (a federal inmate may challenge the execution of her sentence pursuant to 28 U.S.C. § 2241 in her district of incarceration or attack the validity of her sentence to pursuant to 28 U.S.C. § 2255 in the district where she was sentenced; *see also United States v. Duke*, Cr. No. 4:89-94(2) (DSD), 2008 WL 11511481, at *1 (D. Minn. Nov. 21, 2008) (the proper method to challenge the amount and timing of IFRP payments is through a § 2241 petition in defendant's custodial jurisdiction). Because Defendant is incarcerated outside the District of Minnesota, this Court lacks the jurisdiction to consider her Motion.

Even if this Court had jurisdiction over this matter, the record does not reflect that Defendant has exhausted her administrative remedies. Under 28 C.F.R. § 542.10, the BOP has a process through which federal prisoners may seek review of complaints related to any aspect of confinement. 28 C.F.R. § 542.10. Because the IFRP is an aspect of Defendant's confinement, she must first participate in the BOP's administrative process before her Motion is ripe for review. There is nothing to indicate that Defendant has done so.

---

[4] While the Court previously clarified that a minimum $25 payment each quarter could be appropriate under certain circumstances, Defendant now seeks an order outside the parameters of the IFRP program set forth in 28 C.F.R. § 545.11.

Because this Court lacks jurisdiction and Defendant has not exhausted her administrative remedies, the Court respectfully dismisses her Motion without prejudice.

### ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Amend Judgment (Doc. No. [2181]) is respectfully **DENIED**.

Dated: January 5, 2022            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge