UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(4) (DWF) |
| | Civil No. 23-2049 (DWF) |
| Respondent-Plaintiff, | |
| v. | MEMORANDUM |
| | OPINION AND ORDER |
| Pawinee Unpradit, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Pawinee Unpradit's *pro se* motion to vacate her sentence under 28 U.S.C. § 2255.  (Doc. No. 2309.)  The United States of America (the "Government") opposes the motion.  (Doc. No. 2351.)  For the reasons outlined below, the Court denies Unpradit's motion.

## BACKGROUND

Unpradit was indicted for conspiracy to commit sex trafficking, conspiracy to commit transportation to engage in prostitution, conspiracy to engage in money laundering, and conspiracy to use a communication facility to promote prostitution. (Doc. No. 830.)  Numerous other defendants were similarly prosecuted for their participation in the large sex-trafficking conspiracy.  Following trial, a jury found Unpradit guilty of all four counts.  (Doc. No. 998.)  The Court sentenced Unpradit to 162 months in prison and 5 years of supervised release.  (Doc. No. 1819.)  The Court additionally ordered $400,000.00 in restitution.  (*Id.*)

Unpradit appealed her conviction, arguing that there was a variance between the conspiracy charged in the third superseding indictment and the conspiracy proved at trial. Additionally, she argued that the Court erred at sentencing when it applied a base offense level of 34, instead of 14. And lastly, she challenged the Court's restitution and forfeiture orders. The Eighth Circuit rejected Unpradit's arguments and affirmed the conviction.

Unpradit now brings a motion under § 2255, arguing that her sentence should be vacated, set aside, or corrected because her trial and appellate counsel were ineffective. (Doc. No. 2309.) The Government opposes the motion. (Doc. No. 2351.)

## DISCUSSION

**I.     Section 2255 Legal Standard**

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that she has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a

complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

## II.     Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions.  U.S. Const. amend. VI.  To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *Apfel*, 97 F.3d at 1076.  To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  The defendant must show that the errors were not the result of "reasonable professional judgment." *Id.* at 690.  There is a strong presumption "that counsel . . . rendered adequate assistance." *Id.*  Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.* at 694.  A defendant must prove with "a probability sufficient to undermine confidence in the outcome" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Unpradit offers four grounds for her ineffective assistance of counsel claim: (1) her trial counsel failed to investigate; (2) her trial counsel failed to make an opening statement; (3) her appellate counsel failed to challenge the sentence disparity between her and other co-defendants; and (4) her appellate counsel failed to file her petition for certiorari.  The Court addresses each argument in turn below.

### A. Failure to Investigate

Unpradit first asserts that her trial counsel failed to "investigate or conduct any pretrial investigation, including interviewing defense or Government witnesses." (Doc. No. 2309 at 5.)

"If the defendant cannot prove prejudice, [the court] need not address whether counsel's performance was deficient." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To prove prejudice, Unpradit must demonstrate that "but for counsel's errors, the result of the proceeding would have been different." *Id.* Although Unpradit argues that her counsel failed to investigate, she has failed to explain how a more thorough investigation would have resulted in her receiving a lower sentence. In other words, she has failed to explain what specifically she believes her trial counsel missed due to his alleged failure to investigate and how this failure impacted the result of the trial or sentencing. Because Unpradit has failed to establish prejudice, the Court need not address whether the conduct was deficient.

### B. Failure to Provide an Opening Statement

Unpradit next asserts that her trial counsel was ineffective because he failed to provide an opening statement during trial. "[S]ilence can be a legitimate and effective trial strategy." *Fink v. Lockhart*, 823 F.2d 204, 206 (8th Cir. 1987). Unpradit has not demonstrated that her representation "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." *Id.* (internal quotations and citation omitted). And without more, an attorney's decision to waive an opening statement is not enough to "trigger a presumption of prejudice." *Id.*

4

### C. Disparity Between Sentences

Unpradit also argues that her appellate counsel failed to challenge the sentence disparity between her and co-defendants on appeal. "Counsel is not required to raise every potential issue on appeal. Indeed, the Supreme Court has recognized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (internal quotations and citation omitted). Thus, "[a]bsent contrary evidence," the Court assumes that appellate counsel's decision to narrow the focus on key issues is "sound appellate strategy." *Id.* (internal quotations and citation omitted).

In this case, Unpradit asserts that she and co-defendant Thinram were both "working women," yet Thinram received a lower sentence. (Doc. No. 2309 at 7-8.) Additionally, she argues that co-defendant Wanless mistreated women, and she did not, yet Wanless received a lower sentence. As the Government notes, the Court considered this information at sentencing. Unpradit maintained throughout trial and sentencing that she was a victim of the sex-trafficking organization herself. The Government disputed this. (*See* Doc. No. 1186 at 13-14.) Moreover, the Court noted at sentencing that Unpradit was, at times, "kind and helpful" to the victims and considered "what effect [that] should [] have on the case." (Doc. No. 1584 at 26-27.) The Court also acknowledged the Unpradit was "less culpable" than some others. (*Id.* at 29.) Overall, Unpradit has failed to explain why her appellate counsel's failure to raise the sentence-

disparity issue on appeal was unreasonable or demonstrate that the Eighth Circuit would have vacated her sentenced had the issue been raised.

### D.     Certiorari

Lastly, Unpradit asserts that her appellate counsel was ineffective for failing to file her certiorari petition. As the Government notes, "[t]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "[A] litigant like [Unpradit] without a constitutional right to counsel cannot be deprived of the effective assistance of counsel." *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) (internal quotations and citation omitted). Moreover, even if Unpradit had the right to counsel to file a certiorari petition, she has failed to "show not only that she would have succeeded in obtaining a writ of certiorari if counsel had filed a petition, but also a reasonable probability that she would have obtained relief as to her sentence." *Id.* at 988-89.

Overall, Unpradit has failed to demonstrate that her trial or appellate counsel were ineffective. Each of her four claims fail for the reasons outlined above.

## III.    No Evidentiary Hearing Required

There is no reason for the Court to further explore any credibility issues with respect to Unpradit's claims. A § 2255 motion can be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle her to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). All of Unpradit's allegations are either

contradicted by the record, inherently incredible, conclusions, or, even if accepted as true, would not entitle her to relief.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether issuance of a COA is appropriate and concludes that no issue is raised "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Moreover, Unpradit has not made a substantial showing of the denial of a constitutional right. Thus, the Court will not issue a COA.

## CONCLUSION

For the reasons set forth above, the Court denies Unpradit's motion to vacate the judgment.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Unpradit's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [2309]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3.  No Certificate of Appealability will be issued to Petitioner-Defendant Unpradit.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 7, 2023      s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge