**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Criminal No. 17-107(4) (DWF/TNL)

Plaintiff,

v.

**MEMORANDUM**
**OPINION AND ORDER**

Pawinee Unpradit,

Defendant.

### INTRODUCTION

This matter is before the Court on Defendant Pawinee Unpradit's *pro se* motion to reduce sentence.  (Doc. No. 2506.)  The United States of America opposes the motion.  (Doc. No. 2521.)  For the reasons set forth below, the Court respectfully denies the motion.

### BACKGROUND

Unpradit was found guilty of conspiracy to commit sex trafficking, conspiracy to commit transportation to engage in prostitution, conspiracy to engage in money laundering, and conspiracy to use a communication facility to promote prostitution on December 12, 2018.  (Doc. No. 998.)  On October 15, 2019, the Court sentenced Unpradit to a 162-month prison term to be followed by a five-year term of supervised release.  (Doc. No. 1819.)  Unpradit is currently incarcerated at FCI Aliceville with an anticipated release date of November 24, 2028.  *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited June 23, 2026).

Unpradit moves to reduce her sentence based on her rehabilitation activities. (Doc. No. 2506.)  Unpradit is subject to a final order of removal, so she is not eligible to apply time credits earned under the First Step Act ("FSA") to her sentence.  (Doc. No. 2506-1 at 1, 3; *see also* 18 U.S.C. § 3632(d)(4)(E) ("A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . .").)  She asks the Court to modify her sentence based on the credits she has earned but cannot apply to her sentence due to the final order of removal.  (Doc. No. 2506.)

## DISCUSSION

Courts have the power to modify a prison term only when granted that authority by statute.  18 U.S.C. § 3582(c).  Rehabilitation alone is not a reason for which a court may grant a sentence reduction.  *See United States v. Milton*, 11 F.4th 597, 600 (8th Cir. 2021).  Prisoners typically seek to modify or otherwise vacate their sentence through motions to vacate under 28 U.S.C. § 2255 or motions under 18 U.S.C. § 3582(c). Unpradit has not shown that she is entitled to relief under either of those statutes or any other statute.  *See generally United States v. Ibrahim*, No. 21-cr-40070, 2024 WL 554548, at *5 (D.S.D. Feb. 12, 2024) (finding ineligibility to apply FSA credits was not "a unique or extraordinary reason to grant compassionate release"); *Jenkins v. Segal*, No. 23-cv-425, 2023 WL 7131024, at *2 (D. Minn. Oct. 30, 2023) (denying petition for order directing the Bureau of Prisons to apply FSA time credits where petitioner had a final order of removal).  Accordingly, the Court respectfully denies her motion.

2

The Court commends Unpradit for her rehabilitation work while in prison.  It encourages her to continue that work so that she might live the life she wants to live upon her release.

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Pawinee Unpradit's *pro se* motion to reduce sentence (Doc. No. [2506]) is respectfully **DENIED**.

Dated:  June 23, 2026                s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge